J-A01012-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| COLIN IRWIN | : | No. 840 EDA 2019 |

Appeal from the Order Entered March 15, 2019
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000168-2018

BEFORE: NICHOLS, J., MURRAY, J., and COLINS, J.[*]

DISSENTING MEMORANDUM BY COLINS, J.: **FILED FEBRUARY 28, 2020**

I disagree and therefore must dissent from the scholarly, well-researched Memorandum of the majority.

Trial courts must be able to enforce their discovery orders and also to control their calendars. If they cannot, there will be anarchy in our courtrooms.

It would appear that the state police were confused as to who the chief law enforcement officer is in Pike County (obviously, the constitutionally elected District Attorney), and presumed that they may pick and choose which orders of the court to comply with. Further, the District Attorney could have served a subpoena duces tecum upon the appropriate state police parties

---

[*] Retired Senior Judge assigned to the Superior Court.

when the state police failed to comply with trial court's order to disclose the witness statements.

I agree that the trial court's preclusion of the material testimony of the complainant and two eyewitness at trial is appropriate in light of the discovery violation committed by the Commonwealth.